UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------x

| | | |
|---|---|---|
| LIGHTING & SUPPLIES, INC., | : | Civil Action No. 1:14-cv-04344 (JBW) |
| Plaintiff, | : | |
| -against- | : | ANSWER |
| SUNLITE USA CORPORATION, | : | |
| Defendant, | : | |

--------------------------------------------------------x

      Defendant Sunlite USA Corporation, by its undersigned attorneys, as and for its answer to the complaint herein dated July 16, 2014, states as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

      2.      Admits the allegations contained in paragraph 2 of the complaint.

      3.      Makes no response to paragraph 3 of the complaint inasmuch as said paragraph purports to describe the within action.

      4.      Makes no response to paragraph 4 of the complaint inasmuch as said paragraph purports to state legal theories.

      5.      Denies the allegations contained in paragraph 5 of the complaint.

      6.      Denies the allegations contained in paragraph 6 of the complaint.

      7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Denies the allegations contained in paragraph 10 of the complaint, but admits that defendant has used the term "Sunlite" as part of its corporate name.

11. Denies the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12 of the compliant.

13. Denies the allegations contained in paragraph 13 of the complaint.

14. Denies the allegations contained in paragraph 14 of the complaint.

15. Denies the allegations contained in paragraph 15 of the complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17. As its response to paragraph 17 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 16, above, as if fully restated herein.

18. Makes no response to paragraph 18 of the complaint inasmuch as said paragraph purports to state legal theories.

19. Denies the allegations contained in paragraph 19 of the complaint.

20. As its response to paragraph 20 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 19, above, as if fully restated herein.

21. Makes no response to paragraph 21 of the complaint inasmuch as said paragraph purports to state legal theories.

22. Denies the allegations contained in paragraph 22 of the complaint.

23. As its response to paragraph 23 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 22, above, as if fully restated herein.

24. Makes no response to paragraph 24 of the complaint inasmuch as said paragraph purports to state legal theories.

25. Denies the allegations contained in paragraph 25 of the complaint.

26. As its response to paragraph 26 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 25, above, as if fully restated herein.

27. Makes no response to paragraph 27 of the complaint inasmuch as said paragraph purports to state legal theories, except states that the statute referred to by plaintiff, General Business Law §368(d), was repealed in 1997.

28. Denies the allegations contained in paragraph 28 of the complaint.

29. As its response to paragraph 29 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 28, above, as if fully restated herein.

30. Makes no response to paragraph 30 of the complaint inasmuch as said paragraph purports to state legal theories.

31. Denies the allegations contained in paragraph 31 of the complaint.

32. Denies the allegations contained in paragraph 32 of the complaint.

33. As its response to paragraph 33 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 32, above, as if fully restated herein.

34. Denies the allegations contained in paragraph 34 of the complaint.

35. Denies the allegations contained in paragraph 35 of the complaint.

As a First Defense

36. The Complaint fails to state a claim upon which relief can be granted.

As a Second Defense

37. The alleged service of process upon defendant was insufficient to confer jurisdiction on this Court.

38. Defendant is not incorporated in New York, qualified to do business in New York, and does not maintain any office in New York, and is not doing business in New York.

39. This Court lacks personal jurisdiction over the defendant.

As a Third Defense

40. Defendant is using the term "Sunlite" as part of its corporate name and not as a mark.

As a Fourth Defense

41. The marks that are the subjects of plaintiff's claims are generic or descriptive without secondary meaning.

As a Fifth Defense

42. The use of the term "Sunlite" charged to be an infringement is a use of a term or device which is descriptive of and used fairly and in good faith only to describe the goods of defendant.

As a Sixth Defense

43. Plaintiff did not directly inform defendant before commencing this action that plaintiff believed that defendant was infringing on any right of plaintiff.

44. Defendant at all times acted in good faith and without knowledge that plaintiff owned the marks on which its claims are based.

As a Seventh Defense

45. The complaint does not describe any specific and substantial injury to the public interest over and above general claims of trademark infringement and dilution.

46. Plaintiff cannot pursue a claim under New York General Business Law §349.

WHEREFORE, defendant Sunlite USA Corporation demands judgment as follows:

A. An order dismissing the complaint, with prejudice;

B. For the costs and disbursements of this action; and

C. For such other and further relief which to the Court seems just and proper.

Dated: August 11, 2014

ARTHUR R. LEHMAN, L.L.C.


By /s/ Arthur R. Lehman
  Arthur R. Lehman, Esq. (AL-8819)
52 Vanderbilt Avenue
New York, New York 10017
Telephone: (212) 697-2715
Facsimile: (646) 390-6497
Email: arthur@lehmanlawyer.com

Attorneys for Defendant