SUN-116

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LIGHTING & SUPPLIES, INC.** | ) |
| Plaintiff, | ) Civil Action No. 1:14-cv-04344 |
| v. | ) **FIRST AMENDED COMPLAINT** |
| **SUNLITE USA CORPORATION** | ) JURY DEMAND |
| Defendant. | ) |

Plaintiff Lighting & Supplies, Inc. for its complaint against Defendant Sunlite USA Corporation herein alleges as follows:

## I. The Parties

1. Plaintiff Lighting & Supplies, Inc. ("Plaintiff") is a New York corporation having a place of business at 744 Clinton Street, Brooklyn, New York, 11232, and is engaged in the manufacture and distribution of a wide variety of incandescent, fluorescent, LED and halogen electric light bulbs, lamps, lighting fixtures, electric timers and electric batteries in the United States.

2. Defendant Sunlite USA Corporation ("Defendant") is a corporation of the State of California having a place of business at 3691 Lenawee Avenue, Los Angeles, California, 90016.

## II. Jurisdiction and Venue

3. This is an action for violation of §§ 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1) § 1121 (Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition); for deceptive trade practices under New York Gen. Law § 349 and New York General Business Law § 368 (d); and for Common Law Unfair Competition.

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1332 and § 1338(a) and (b). There is diversity of citizenship between the parties and the controversy exceeds the sum of Seventy Five Thousand Dollars, exclusive of interest and costs. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over the Defendant because the Defendant conducts business in New York State.

6. Venue is proper in this Court under 28 U.S.C. § 1391(c), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Eastern District of New York. The damage to Plaintiff described herein occurs in the Eastern District of New York and elsewhere.

## III. General Allegations

7. Commencing in July 1996, Plaintiff has been continuously engaged in the manufacture and distribution of a wide variety of incandescent, fluorescent, LED and halogen electric light bulbs, lamps and lighting fixtures, as well as electric timers and electric batteries under the SUNLITE Trademark. As a result, the SUNLITE Trademark

has become associated in the minds of purchasers with Plaintiff as a reputable source of quality electric lighting lamps and fixtures in the United States. The goodwill associated with the SUNLITE Trademark has thus become an extremely valuable asset of Plaintiff.

8. Plaintiff is the owner of the following U.S. Trademark Registrations for the SUNLITE Trademark:

>  **(a)** Reg. No.: 2,627,184 ('184 Registration)
>
>> Goods: Household electric light bulbs, candelabra flame light bulbs, candelabra topedo light bulbs, and night lights.

The foregoing '184 Registration is in full force and effect. On November 29, 2007 the U.S. Patent and Trademark Office ('USPTO') issued a Notice of Acceptance under Section 8 of the Trademark Act 15 U.S.C. § 1058 (a) and Section 15 of the Trademark Act, 15 U.S.C. § 1065. Accordingly, Plaintiff's rights to the trademark SUNLITE in the above mentioned International Class was deemed "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

> **(b)** Reg. No.: 3,614,795 ('795 Registration)
>
>> Goods: Class 9: Electrical devices for attracting and killing insects, extension cords, electric wall switches, electric light dimmers, electronic timers, electric switch plates, electric batteries.
>>
>> Class 11: Lighting fixtures, vanity lighting fixtures, outdoors lighting fixtures, fluorescent light bulbs; compact fluorescent light bulbs; swirl light bulbs; concealed spiral fluorescent light bulbs; compact fluorescent globe-shaped light bulbs; compact fluorescent jar-shaped light bulbs; compact fluorescent chandelier light bulbs; compact fluorescent reflector light bulbs; compact fluorescent colored swirl light bulbs; compact fluorescent colored globe shaped light bulbs, fluorescent circline light bulbs; straight-tubed fluorescent light bulbs; incandescent light bulbs; incandescent night lamps; incandescent tubular lamps; incandescent decorative lamps; incandescent

3

reflector lamps; incandescent heat lamps; incandescent carbon filament lamps; high intensity discharge lamps; halogen lamps; halogen spot and flood lamps, decorative light fixtures, stage lamps, and studio lamps.

The foregoing '795 Registration is in full force and effect. On June 30, 2014 the U.S. Patent and Trademark Office ('USPTO') issued a Notice of Acceptance under Section 8 of the Trademark Act 15 U.S.C. § 1058 (a) and Section 15 of the Trademark Act, 15 U.S.C. § 1065. Accordingly, Plaintiff's rights to the trademark SUNLITE in the above mentioned International Classes are "Incontestable" under Section 15 of the Trademark Act, 15 U.S.C. § 1065.

9. Since its adoption in July 1996, Plaintiff has extensively promoted its products using the SUNLITE Trademark on hundreds of product packaging, promotional materials, and product catalog materials as a brand identifier for Plaintiff's thousands of products.

10. Notwithstanding Plaintiff's longstanding and extensive use of its SUNLITE Trademarks, Defendant has brazenly used Plaintiff's SUNLITE Trademark as a trade name and trademark to market electric light bulbs and lighting fixtures in direct competition with Plaintiff thereby likely to cause and actually causing confusion among customers thereby led to the false belief that Defendant is or has a business relationship with Plaintiff. Defendant's infringing use of Plaintiff's SUNLITE Trademark with knowledge of Plaintiff's rights in its SUNLITE Trademark continues without abatement, to the present.

11. Purchasers are likely to purchase and have purchased Defendant's goods bearing the SUNLITE trademark believing they are Plaintiff's thereby resulting in a loss of sales to Plaintiff.

12. Plaintiff has no control over the quality of the goods sold by Defendant, and because of the confusion as to the source engendered by the Defendant, Plaintiff's valuable goodwill in respect to the SUNLITE trademark is at the mercy of Defendant.

13. The use by Defendant of the SUNLITE trademark on Defendant's goods is likely to cease and has caused confusion and mistake and deception of purchasers as to the source of origin of its goods.

14. The use by Defendant of the SUNLITE trademark has resulted in the dilution of the exclusive rights which the Plaintiff formerly enjoyed in connection with its registered trademarks to the great detriment of the Plaintiff.

15. Defendant was given notice of the federally registered status of Plaintiff's SUNLITE trademark by the presence of the ® notation appended to packaging for Plaintiff's products as well as Plaintiff's catalogs including advertising and promotional materials. The infringement by the Defendant has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's trademark.

16. The goodwill of the Plaintiff's business under its SUNLITE registered trademarks is of great value, and the Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

## COUNT I
## INFRINGEMENT OF THE FEDERALLY REGISTERED TRADEMARKS

17. Plaintiff alleges and incorporates herein the allegations of Paragraphs 1-16, inclusive.

18. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more

5

particularly, 15 U.S.C. § 1114 and 15 U.S.C. § 1116-18, inclusive. This Court has jurisdiction under the provisions of 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). Venue is proper in this District under 28 U.S.C. § 1391(b) and § 1391(c).

19. Defendant's infringement will continue unless enjoined by this Court.

## COUNT II

## COMMON LAW TRADEMARK INFRINGEMENT

20. Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-19, inclusive.

21. This is an action for common law trademark infringement. This cause of action is separate and independent of the cause of action set forth in Count I, but is between the same parties and is based on the same operative facts as set forth in Count I. This Court has jurisdiction over this action under 28 U.S.C. § 1332, as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court also has pendent jurisdiction over this Count II pursuant to 28 U.S.C. § 1338(b). Venue is proper in this District under 28 U.S.C. § 1391.

22. Defendant's infringement will continue unless enjoined by this Court.

## COUNT III

## FALSE DESIGNATION OF ORIGIN UNDER § 43(a) OF THE LANHAM ACT

23. Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-22, inclusive.

24. This is an action for false designation of origin and unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and 28 U.S.C. § 1332,

as there is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs. This Court also has pendent jurisdiction over this Count II pursuant to 28 U.S.C. § 1338(b). Venue is proper in this District under 28 U.S.C. § 1391.

25. Defendant's infringement will continue unless enjoined by this Court.

## COUNT IV

## UNFAIR COMPETITION

26. Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-28, inclusive.

27. This Count arises under the New York Common Law of Unfair Competition.

28. By committing the acts herein alleged, Defendant has been guilty of unfair competition, deceptive advertising and unfair trade practices, in violation of the New York common law of unfair competition causing Plaintiff damages and loss of profits.

29. Defendant's acts of unfair competition will continue unless enjoined by this Court and Plaintiff has no adequate remedy at law.

## COUNT V

## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

30. Plaintiff re-alleges and incorporates herein the allegations of Paragraphs 1-29, inclusive.

31. Defendant's prominent use of Plaintiff's SUNLITE trademarks in connection with the promotion and sale by Defendant of its goods is an attempt by Defendant to trade upon the goodwill that Plaintiff has in its SUNLITE marks and

confuse the trade and purchasing public as to the source of Defendant's goods and as such constitutes deceptive acts in the conduct of its business in violation of New York General Business Law § 349.

32. Defendant's deceptive acts will continue to damage Plaintiff unless enjoined by this Court and Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. (a) An Order preliminarily enjoining and restraining Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from using the designation SUNLITE, or any other designation which imitates or is in any other way similar to Plaintiff's trademark SUNLITE as a trade name, company name, service mark, trademark, domain name or other URL or in any other manner that is likely to cause confusion, mistake, deception or public misunderstanding as to the origin of Defendant's products or connectedness to Plaintiff.

(b) An Order permanently enjoining and restraining Defendant, its officers, agents, servants, employees and attorneys and those persons in active concert or participation with them from engaging in any acts of trademark, service mark or trade name infringement and/or using any false descriptions or representations or any false designations of origin and/or from engaging in any acts of federal or state dilution and/or from committing any acts of unfair competition or deceptive acts and practices with respect to Plaintiff and/or Plaintiff's SUNLITE mark.

(c) An Order that Defendant be required to file with the Court and serve on Plaintiff within thirty (30) days after entry of the foregoing Injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the Injunction.

2. That Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark or designation found to infringe on Plaintiff's trademark rights, as well as all plates, matrices, molds, dies, masters and other means of making the same;

3. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by Plaintiff resulting from the acts alleged herein;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to Plaintiff for any and all profits derived by it from its illegal acts complained of herein;

5. For damages not less than $ 2,000,000. and to the extent permitted by law;

6. A trebling of the damages and profits awarded to Plaintiff on account of Defendant's willful infringement of Plaintiff's SUNLITE trademarks;

7. An award to Plaintiff against Defendant of such punitive damages as are deemed appropriate in view of the willful conduct on the part of Defendant;

8. That the Court declare this to be an exceptional case and award Plaintiff its full costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1117;

9. That the Court grant Plaintiff all other remedies to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

10. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 29, 2014

MALINA & ASSOCIATES, PLLC

By: _____
Bernard Malina-BM 2374
305 Madison Avenue
Suite 1420
New York, New York 10165
Tel: 212-986-7410
Attorneys for Plaintiff
Lighting & Supplies, Inc.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable before a jury.

Dated: August 29, 2014

                                                    MALINA & ASSOCIATES, PLLC

                                                    By: _____
                                                        Bernard Malina-BM 2374
                                                        Attorneys for Plaintiff
                                                        Lighting & Supplies, Inc.