UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

LIGHTING & SUPPLIES, INC.,   :   Civil Action No. 1:14-cv-04344 (JBW)

       Plaintiff,  :

   -against-     :   ANSWER OF SUNLITE USA
              CORPORATION TO SECOND
SUNLITE USA CORPORATION,   :   AMENDED COMPLAINT
And HALSTON MIKAIL,

      Defendants, :
-------------------------------------------------------x

Defendant Sunlite USA Corporation ("Sunlite"), by its undersigned attorneys, as and for its answer to the second amended complaint herein dated October 7, 2014, states as follows:

1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.  Admits the allegations contained in paragraph 2 of the complaint.

3.  Denies the allegations contained in paragraph 23 of the complaint, except admits that Halston Mikail is a principal of Sunlite.

4.  Makes no response to paragraph 4 of the complaint inasmuch as said paragraph purports to describe the within action.

5.  Makes no response to paragraph 5 of the complaint inasmuch as said paragraph purports to state legal theories.

6.  Makes no response to paragraph 6 of the complaint inasmuch as said paragraph purports to state legal theories.

7.  Denies the allegations contained in paragraph 7 of the complaint.

8.  Denies the allegations contained in paragraph 8 of the complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.      Denies the allegations contained in paragraph 12 of the complaint, but admits that defendant has used the term "Sunlite" as part of its corporate name.

13.      Denies the allegations contained in paragraph 13 of the complaint.

14.      Denies the allegations contained in paragraph 14 of the compliant.

15.      Denies the allegations contained in paragraph 15 of the complaint.

16.      Denies the allegations contained in paragraph 16 of the complaint.

17.      Denies the allegations contained in paragraph 17 of the complaint.

18.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19.      As its response to paragraph 19 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 18, above, as if fully restated herein.

20.      Makes no response to paragraph 20 of the complaint inasmuch as said paragraph purports to state legal theories.

21.      Denies the allegations contained in paragraph 21 of the complaint.

22.      As its response to paragraph 22 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 21, above, as if fully restated herein.

23.     Makes no response to paragraph 23 of the complaint inasmuch as said paragraph purports to state legal theories.

24.     Denies the allegations contained in paragraph 24 of the complaint.

25.     As its response to paragraph 25 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 24, above, as if fully restated herein.

26.     Makes no response to paragraph 26 of the complaint inasmuch as said paragraph purports to state legal theories.

27.     Denies the allegations contained in paragraph 27 of the complaint.

28.     As its response to paragraph 28 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 27, above, as if fully restated herein.

29.     Makes no response to paragraph 29 of the complaint inasmuch as said paragraph purports to state legal theories.

30.     Denies the allegations contained in paragraph 30 of the complaint.

31.     Denies the allegations contained in paragraph 31 of the complaint.

32.     As its response to paragraph 32 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 31, above, as if fully restated herein.

33.     Denies the allegations contained in paragraph 33 of the complaint.

34.     Denies the allegations contained in paragraph 34 of the complaint.

<u>As a First Defense</u>

35.     The Complaint fails to state a claim upon which relief can be granted.

<u>As a Second Defense</u>

36.      The alleged service of process upon defendant Sunlite was insufficient to confer jurisdiction on this Court.

37.     Defendant Sunlite is not incorporated in New York, qualified to do business in New York, and does not maintain any office in New York, and is not doing business in New York.

38.     This Court lacks personal jurisdiction over the defendant Sunlite.

<u>As a Third Defense</u>

39.     Defendant Sunlite is using the term "Sunlite" as part of its corporate name and not as a mark.

<u>As a Fourth Defense</u>

40.     The marks that are the subjects of plaintiff's claims are generic or descriptive without secondary meaning.

<u>As a Fifth Defense</u>

41.     The use of the term "Sunlite" charged to be an infringement is a use of a term or device which is descriptive of and used fairly and in good faith only to describe the goods of defendant.

<u>As a Sixth Defense</u>

42.     Plaintiff did not directly inform defendant Sunlite before commencing this action that plaintiff believed that defendant Sunlite was infringing on any right of plaintiff.

43.     Defendant Sunlite at all times acted in good faith and without knowledge that plaintiff owned the marks on which its claims are based.

<u>As a Seventh Defense</u>

44.     The complaint does not describe any specific and substantial injury to the public interest over and above general claims of trademark infringement and dilution.

45.     Plaintiff cannot pursue a claim under New York General Business Law §349.

WHEREFORE, defendant Sunlite USA Corporation demands judgment as follows:

A.      An order dismissing the complaint, with prejudice;

B.      For the costs and disbursements of this action; and

C.      For such other and further relief which to the Court seems just and proper.

Dated:  November 4, 2014

ARTHUR R. LEHMAN, L.L.C.


By___/s/   Arthur R. Lehman__
   Arthur R. Lehman, Esq. (AL-8819)
52 Vanderbilt Avenue
New York, New York 10017
Telephone:  (212) 697-2715
Facsimile: (646) 390-6497
Email: arthur@lehmanlawyer.com

Attorneys for Defendant
Sunlite USA Corporation

5