UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X    **Docket#**

LIGHTING & SUPPLIES, INC.,    :    14-cv-04344-JBW-JO
       :

       Plaintiff,    :
       :

   - versus -    :    U.S. Courthouse
       :    Brooklyn, New York

SUNLITE USA CORPORATION,    :
       :    December 9, 2014

       Defendant    :

------------------------------X

TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

**A   P   P   E   A   R   A   N   C   E   S:**

**For the Plaintiff:**      **Mendel Zilberberg, Esq.**
                              **Samuel Karpel, Esq.**
                              Mendel Zilberberg &
                              Associates, PC
                              6619 13th Avenue
                              Brooklyn, NY 11219

                              **Bernard Malina, Esq.**
                              Malina & Associates, PLLC
                              305 Madison Avenue
                              Suite 1420
                              New York, NY 10165

**For the Defendant:**      **Arthur R. Lehman, Esq.**
                              Arthur R. Lehman, L.L.C.
                              52 Vanderbilt Avenue
                              14th Floor
                              New York, NY 10017

**Transcription Service:**      **Transcriptions Plus II, Inc.**
                              740 Sharon Road
                              Copiague, NY  11726
                              rl.transcriptions2@gmail.com

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

                    Proceedings

1          THE CLERK:  Civil Cause for a Status

2    Conference, Lighting & Supplies, Inc. v. Sunlite USA

3    Corporation, docket number 14-cv-4344.

4          Counsels, please state your appearances for the

5    record, starting with the plaintiff.

6          MR. ZILBERBERG:  Good afternoon, your Honor.

7          Mendel Zilberberg of Mendel Zilberberg &

8    Associates, with my associate, Sam Karpel and co-counsel,

9    Bernard Malina, representing plaintiffs.

10         THE COURT:  Good afternoon to you all.  And you

11   have your clients with you?

12         MR. ZILBERBERG:  Yes, I have, Mordechai Kohn,

13   who is the principal of Lighting & Supplies, Inc. and his

14   sales manager, Joel Gross.

15         THE COURT:  Okay.  Welcome to you all.

16         MR. LEHMAN:  Arthur Lehman for defendants.

17         THE COURT:  Good afternoon.

18         MR. LEHMAN:  And Mr. Mikail, the defendant had

19   been participating upstairs by phone.  He lives in Los

20   Angeles.

21         THE COURT:  Okay.  All right, folks, how can I

22   help you?

23         MR. ZILBERBERG:  Do you want me -- can I speak

24   first?

25         MR. LEHMAN:  Yes, please.

3

Proceedings

1      MR. ZILBERBERG:  This case started with a

2  trademark infringement.

3      THE COURT:  I know what the case is about.  I

4  am just --

5      MR. ZILBERBERG:  Oh.

6      THE COURT:  I don't know what happened with

7  Judge Weinstein or why he sent you here.

8      MR. ZILBERBERG:  Okay.

9      THE COURT:  So can you fill me in on that?

10      MR. ZILBERBERG:  So what happened was this.

11  Essentially, we were at a fork in the road and the fork

12  in the road was either the Judge did not want to deal

13  with preliminary injunctive relief and final injunctive

14  relief separately.  He said either try to work out a

15  settlement, of which many of the pieces were already

16  agreed to in front of Judge Weinstein and then I guess

17  for the final details in working that out, we -- he said

18  please come to this courtroom and see if you can get it

19  worked out.  If you don't get it worked out, then you are

20  going to come back to me and we're going to proceed with

21  the litigation.

22      THE COURT:  Okay.

23      MR. ZILBERBERG:  So --

24      THE COURT:  So what remains in dispute about a

25  settlement?

4

Proceedings

1          MR. ZILBERBERG:  Okay.  So I don't know that we

2    have anything in dispute, frankly.

3          THE COURT:  And by the way, to the extent this

4    is a settlement discussion, right now we're on the

5    record.  Would you all prefer to go off the record to

6    talk about settlement?

7          MR. ZILBERBERG:  No, I'm happy to stay on.

8          MR. LEHMAN:  It's fine to stay on the record.

9          THE COURT:  Okay.  So what --

10          MR. ZILBERBERG:  Okay.  So what we -- I'm going

11    to go on points and they may not be logically in sequence

12    but in terms of the product that was sold under the

13    Sunlite label, I had suggested to Judge Weinstein that

14    rather than us even having to get lists, I don't want to

15    have to become the policeman in this case.  I am

16    perfectly happy that counsel for the defendants go over

17    all of their FedEx and UPS records or all their shipping

18    records and make an undertaking that a letter is sent to

19    everyone of the purchasing customers.

20          Now I think where we got sent up here was that

21    I asked that the attorneys -- and I'm not the

22    intellectual property attorney really, Mr. Malina is,

23    would get together with Mr. Lehman and they would try to

24    craft a letter that would be -- and if they can't, then

25    we would come back but I would leave it to them.  I don't

5

Proceedings

1   know that on the fly it's appropriate really to craft

2   that letter.

3            THE COURT:  Well, I'm sure if you're agreed on

4   the basics, you're going to work out things like drafting

5   a letter.  So what remains to be resolved?

6            MR. ZILBERG:  That's number one.  Number two

7   is we have retained an expert who will give a

8   recommendation as to how that information that they have

9   on the Internet to be pulled off and taken down because

10  neither I nor Mr. Lehman have that expertise.

11           THE COURT:  You mean to take down from their

12  Web site and from --

13           MR. ZILBERG:  Not only the Web site but

14  where else it is.  There's other links and URLs and

15  things --

16           THE COURT:  I see.

17           MR. ZILBERG:  How to really clean it and

18  Judge Weinstein said, look as long as what they're asking

19  for is reasonable because they've infringed and so be it.

20  Now --

21           THE COURT:  Sorry to interrupt.  I just want to

22  sort of take it step by step to see what's in dispute and

23  what's not.  So, Mr. Lehman, you're in principle in

24  agreement with the idea of taking down the information

25  wherever it may be?

6

Proceedings

1          MR. LEHMAN:  It depends on what's involved.  I

2  mean we -- in our papers on this motion we submitted that

3  they had asked for an injunction.  We'd take it down from

4  everyone's Web site.

5          THE COURT:  Uh-hum.

6          MR. LEHMAN:  We pointed out we can't control

7  Google.

8          THE COURT:  Right.

9          MR. LEHMAN:  And we don't know what other Web

10  sites have it.  It's on the Secretary of State's Web site

11  because it's a corporate name --

12          THE COURT:  Right.

13          MR. LEHMAN:  -- but if it's reasonable, we'll

14  take a --

15          THE COURT:  Well, look --

16          MR. LEHMAN:  -- we do whatever we can do.

17          THE COURT:  -- what you're trying to accomplish

18  is nobody looking for your product and stumbling on a

19  link to their Web site --

20          MR. ZILBERBERG:  Right.

21          THE COURT:  -- buys from them, right?

22          MR. ZILBERBERG:  That is correct.

23          THE COURT:  So in theory, even if there's

24  someone else linked, you know, with a link on their Web

25  site as a third-party, it's not going to be a problem for

7

Proceedings

1   you unless it links to them and as long as the

2   information on the sites they control is accurate.

3           MR. ZILBERBERG:  You know, when I hear from my

4   client and obviously we said it in court in front of

5   Judge Weinstein, so I'm not testifying here, you know, it

6   was said under oath, that as recently as yesterday that

7   link or those linkages were not gone.  I'm going to have

8   an expert look into it.

9           THE COURT:  Right.  So all I am saying is the

10  link by itself doesn't hurt you if nobody can act on it,

11  right?

12          MR. ZILBERBERG:  But if they get Sunlite USA,

13  which is what their corporation name is and by looking up

14  Sunlite, they get that corporation had an address and

15  he's now running a different corporate, Spotlight USA,

16  and therefore get to that company in sales, they're

17  really trading off of our currency, so it's --

18          THE COURT:  Yeah, but that's easy enough.

19  Anything that gets linked to them from -- you know, via

20  the Sunlite name can easily be redirected to you.  I

21  think that's easy to accomplish.

22          MR. ZILBERBERG:  That's what I am saying.  It's

23  a redirect.

24          THE COURT:  All right.

25          MR. ZILBERBERG:  That's what I need an expert

8

Proceedings

1    for.  Frankly, your Honor, I didn't have a course of this

2    in law school.  I just don't know this.

3             THE COURT:  Okay.

4             MR. ZILBERBERG:  That's why we've retained an

5    expert --

6             THE COURT:  Well, this sounds like something

7    you'll easily work out.  Okay.

8             MR. ZILBERBERG:  This is obviously that they

9    can't sell anything with the Sunlite name that they have

10   to destroy all -- other than business records, that they

11   have to destroy all product and packaging and that they

12   can't represent themselves as being anything with the

13   word Sunlite.

14            MR. LEHMAN:  It's a packaging issue.  The

15   products are light bulbs and they don't say Sunlite on

16   the light bulbs.  So it's taking them out of boxes that

17   say Sunlite and putting them into a different box.

18            THE COURT:  And you destroy the packaging.

19            MR. LEHMAN:  Yes.

20            THE COURT:  Okay.

21            MR. ZILBERBERG:  I'm saying --

22            MR. LEHMAN:  And promotional material.

23            MR. ZILBERBERG:  Promotional material, whatever

24   that may be.

25            THE COURT:  Yes.

9

Proceedings

1           MR. ZILBERBERG:  That's -- did I miss anything?

2           UNIDENTIFIED SPEAKER:  No, no.

3           THE COURT:  It sounds like you've got an

4    agreement.

5           MR. ZILBERBERG:  Yeah, this was not --

6           THE COURT:  So what are you looking for me to

7    help you with, if anything?

8           MR. ZILBERBERG:  I think we need an order.  We

9    need something drafted and we need an order and we need a

10   signature from the Court on it.  And that was something

11   that it will be so ordered by the Court.

12          THE COURT:  Okay.  So let me leave it to

13   counsel to go back to your offices, draft something up,

14   exchange drafts and get back to me, what, in two weeks?

15   Is that going to work?

16          MR. LEHMAN:  I think you want it sooner.

17          THE COURT:  Whenever you want.

18          MR. LEHMAN:  You can get it back --

19          THE COURT:  You put whatever deadline you want

20   on it.

21          MR. ZILBERBERG:  One week?

22          MR. LEHMAN:  One week is good.

23          THE COURT:  Okay.  Get back to me in a week.

24   If you have a proposed order, that's great.  You know, I

25   am -- I don't care personally whether you do it by means

10

Proceedings

1   of a settlement, the terms of which are on the record and

2   so ordered by the Court or a private settlement agreement

3   and the stipulation of dismissal filed in court.  Either

4   one is fine, as far as I'm concerned and I'm sure it's

5   acceptable to Judge Weinstein.

6            MR. LEHMAN:  We want it, in fact, he -- Judge

7   Weinstein -- I don't want to use a pronoun for him, Judge

8   Weinstein said that it would be ordered by the Court.

9            THE COURT:  Okay.  And that's acceptable to

10  both sides.  Okay.  So put in the settlement agreement to

11  be so ordered within a week and if a dispute arises,

12  obviously contact chambers and we'll set up a conference

13  to try and hammer it out.

14           MR. LEHMAN:  Very well.

15           THE COURT:  Okay.  Anything else I can do for

16  you gentlemen today?

17           MR. LEHMAN:  Oh.

18           THE COURT:  Mr. Malina?

19           MR. MALINA:  I think there's a status

20  conference presently scheduled --

21           THE COURT:  Yes.

22           MR. MALINA:  -- for about a week or two from,

23  you know, hence.  I forget the exact date.

24           THE COURT:  It's on December 19th at 10

25  o'clock. I'd like to keep that on the calendar for now

11

Proceedings

1  because if something gets in the way of your settlement

2  agreement, perhaps we can discuss it then.

3          MR. MALINA:  Okay, yeah.

4          THE COURT:  Obviously, if you get the

5  settlement agreement in before that, I am going to cancel

6  it.

7          MR. MALINA:  Very well.

8          THE COURT:  Okay?  All right.  So I will expect

9  -- today's the 9th.  So I'll expect to have something

10 filed by the 16th.  Okay.  Great.  Glad you were able to

11 make progress and look forward to hearing from you next

12 week.  Have a good day, everybody.

13         MR. LEHMAN:  Thank you.

14         MR. ZILBERBERG:  Your Honor, thank you very

15 much.

16         THE COURT:  Sure.

17         MR. ZILBERBERG:  Thank you.

18              (Matter concluded)

19                   -o0o-

20

21

22

23

24

25

12

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **10th** day of **December**, 2014.

Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.