UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTING & SUPPLIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUNLITE USA CORPORATION, and HALSTON MIKAIL, <br><br> Defendants. | CIVIL ACTION <br> NO.: 1:14-cv-04344(JBW)(JO) <br><br> **(PROPOSED) ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER AND <u>PRELIMINARY INJUNCTION</u>** |

Upon the annexed Declaration of Joel Gross, executed on May 20, 2015, and the Declaration of Samuel Karpel, Esq., executed on May 20, 2015, it is hereby,

ORDERED that that Defendants Sunlite USA Corporation and Halston Mikail, show cause before the Honorable Judge Jack B. Weinstein, United States District Judge for the Eastern District of New York, at the United States Courthouse located at 225 Cadman Plaza East, Courtroom 10B S, Brooklyn, New York 11201, on the ___ day of _____, 2015 at ___ o'clock , why an order should not be entered, pursuant to Rule 65 of the Federal Rules of Civil Procedure, preliminarily enjoining Defendants Sunlite USA Corporation and Halston Mikail, and all those acting together or in concert with Defendants, from:

    a. Using the name or mark "SUNLITE" and/or "SUNLITE-USA", or any mark or design confusingly similar in any way, including, in connection with manufacturing, producing, distributing, promoting, advertising, offering for sale, and selling of any goods;

    b. Shipping, delivering, distributing, returning, transferring, or otherwise moving, or disposing in any manner any goods and products bearing the "SUNLITE" or

"SUNLITE-USA" trademarks, or any mark or design confusingly similar;

c. Otherwise engaging in any other acts or conduct which would cause consumers to erroneously believe that Defendants' goods and products are somehow sponsored by, authorized by, or licensed by the Plaintiff, or are in any other way associated with Plaintiff;

d. Possessing, receiving, manufacturing, distributing, advertising, promoting, offering for sale or selling any goods, labels, tags, logos, signs, and other forms of markings, any packaging, wrappers, pouches, containers and receptacles, and any catalogs, price lists, promotional materials and the like bearing a copy or colorable imitation of the SUNLITE trademark as shown in U.S. Trademark Registration No. 2,627,184 and No. 3,614,795 ("Plaintiff Registered Trademark");

e. Representing themselves as being in any way connected with Plaintiff or sponsored by or associated with Plaintiff or Plaintiff Registered Trademark;

f. Using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Registered Trademark in connection with the publicity, promotion, sale, or advertising of goods sold by either or both Defendants;

g. Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent such goods as being of Plaintiff and from offering such goods in commerce;

h. Using any trademark or trade name in connection with the advertising, promotion or sale of any goods which may be calculated to falsely represent such goods as

      being connected with, approved by or sponsored by Plaintiff; and

    i. Infringing Plaintiff's Registered Trademark; and sufficient cause appearing therefor; and it is further,

ORDERED that, pending the hearing of the motion, Defendants Sunlite USA Corporation and Halston Mikail and all those acting together or in concert with said Defendants are restrained from the foregoing; and it is further,

ORDERED that, pending the hearing of the motion, Defendants Sunlite USA Corporation and Halston Mikail shall recall all their products that contain the "Sunlite" mark that are displayed for Menards' buyers located at Menards' corporate offices in Wisconsin; and it is further,

ORDERED, that service of a copy of this Order to Show Cause, together with the papers upon which it was entered on Defendants by filing the papers on ECF no later than the \_\_\_\_ day of May, 2015, shall be deemed good and sufficient; and it is further,

ORDERED, that answering papers, if any, shall be served on Plaintiff's counsel so as to reach their offices not later than 4:00 p.m. two days preceding the return date of the motion.

 

_____
Jack B. Weinstein
Senior United States District Judge

Dated: May \_\_, 2015
       Brooklyn, New York