UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIGHTING & SUPPLIES, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>SUNLITE USA CORPORATION,<br>SPOTLITE USA CORPORATION, and<br>HALSTON MIKAIL,<br><br>        Defendants. | MEMORANDUM & OPINION<br><br>14-CV-4344<br><br>FILED<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y.<br>★ JUN 17 2015 ★<br>BROOKLYN OFFICE |

**Parties**

Lighting & Supplies, Inc.

**Appearances**

Mendel Zilberberg
Mendel Zilberberg & Associates, PC
6619 13th Avenue
Brooklyn, NY 11219
(718) 256-2000
Fax: (718) 256-7900
Email: mz@amalgamail.com

Samuel Karpel
Mendel Zilberberg & Associates, PC
6619 13th Avenue
Brooklyn, NY 11219
(718) 249-2202
Fax: (718) 256-7900
Email: skarpel@amalgamail.com

Bernard Malina
Malina & Associates, PLLC
305 Madison Avenue
Suite 1420
New York, NY 10165
(212) 986-7410
Fax: (212) 983-8421
Email: bmalina@malinalaw.com

1

| | |
|---|---|
| **Sunlite USA Corporation** | Jay R. McDaniel<br>McDaniel Law Firm PC<br>54 Main Street<br>Hackensack, NJ 07601<br>(201) 845-3232<br>Fax: (201) 845-3777<br>Email: jrmcdaniel@mcdlawpc.com |
| **Spotlite USA Corporation** | Jay R. McDaniel<br>(See above for address) |
| **Halston Mikail** | Jay R. McDaniel<br>(See above for address) |

**JACK B. WEINSTEIN, Senior United States District Judge:**

## Table of Contents

| | | |
|---|---|---|
| I. | Introduction | 4 |
| II. | Pleadings | 4 |
| III. | First Motion for Preliminary Injunction | 5 |
| IV. | Second Motion for Preliminary Injunction | 5 |
| V. | Propriety of Issuance of a Bond | 5 |
| VI. | Final Injunction | 6 |
| VII. | Motion for Voluntary Dismissal of Defendant Sunlite | 6 |
| VIII. | Motion to Vacate the Default Judgment | 7 |
| | A. Facts | 7 |
| | B. Law | 9 |
| | C. Application of Law to Facts | 10 |
| IX. | Motion for Entry of Default Judgment | 10 |
| X. | Referral to the Magistrate Judge | 11 |
| XI. | Trial | 11 |
| XII. | Calculation of Damages | 11 |
| XIII. | Conclusion | 12 |

I.  Introduction

Plaintiff Lighting & Supplies, Inc. manufactures and distributes over 3000 lighting products under the SUNLITE mark. Pl.'s Mem. of Law in Supp. of its Mot. for Prelim. Inj. 8, Nov. 14, 2014, ECF No. 27 ("Pl.'s Mem. Prelim. Inj."). It brought suit against defendant Sunlite USA Corporation ("Sunlite") and defendant Halston Mikail ("Mikail"), the sole owner of Sunlite, for violations of sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1), 1116–18, 1121 (Trademark Infringement); 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition); Deceptive Trade Practices under New York General Business Law § 349; common law unfair competition; and common law trademark infringement. Pl.'s 2d Am. Compl. ¶¶ 19–34, Oct. 8, 2014, ECF No. 19.

The parties bring a myriad of motions. Each is addressed in turn below.

II. Pleadings

On October 8, 2014, plaintiff filed a second amended complaint. *Id.*; *see also* Pl.'s 2d Am. Compl., ECF No. 18, Oct. 7, 2014.

A motion to amend the pleadings to substitute the real party of interest is granted on consent. The pleadings are amended to add Spotlite USA Corporation as a defendant. Hr'g Tr. 9:23–25, June 4, 2015. The case caption shall be amended to reflect this change. All defendants are deemed to have denied all claims in the second amended complaint, including those for damages up to the time of trial. *Id.* at 19:24–25.

Defendant Mikail's answer shall be filed. *See* McDaniel Decl. in Supp. of Def.'s Mot. to Vacate Default ("McDaniel Decl.") Ex. E, ECF No. 70–7. Its untimeliness is excused. Hr'g Tr. 20:1–4, June 4, 2015.

### III. First Motion for Preliminary Injunction

On December 9, 2014, the court received evidence and heard oral argument on plaintiff's first motion for a preliminary injunction. *See* Hr'g Tr., Dec. 9, 2014. The motion was denied because plaintiff failed to establish a "continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide adequate compensation." Ct. Order Den. Pl.'s Mot. for Prelim. Inj. and Den. Defs.' Mot. to Dismiss for Lack of Personal Jurisdiction, Dec. 9, 2014, ECF No. 45 ("Ct. Order Den. Mots.") (citation omitted); *cf.* Hr'g Tr., Dec. 9, 2014. Relied on were defendant Mikail's representations to the court that any infringement and other adverse actions had ceased and would not occur in the future. *Cf.* Hr'g Tr. 18–23, Dec. 9, 2014.

Also denied was defendants' motion to dismiss for lack of personal jurisdiction. *See* Hr'g Tr. 12:9–14:8, Dec. 9, 2014; Ct. Order Den. Mots.

### IV. Second Motion for Preliminary Injunction

At oral argument on June 4, 2015, the parties conceded that plaintiff's rights were violated. Hr'g Tr. 7:22–23. Based on this concession and the December 9, 2014 hearing, the court finds that a preliminary injunction is appropriate. *Id.* at 7:24–8:3.

### V. Propriety of Issuance of a Bond

In light of the preliminary injunction, defendants seek a bond from plaintiff. Decl. in Opp'n to Pl.'s Mot. for Prelim. Inj. and in Supp. of Defs.' Cross-Mot. to Dismiss the Compl. ¶ 15, Nov. 26, 2014, ECF No. 30. Federal Rule of Civil Procedure 65(c) provides:

> The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security.

Fed. R. Civ. P. 65(c).

While the language of the Rule is mandatory, the court has "wide discretion" to determine whether a bond is appropriate. *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 985 (2d Cir. 1996) (citation omitted) (denying issuance of bond where defendants failed to show "that they will likely suffer harm absent the posting of a bond by [plaintiff]"); *DeWitt Stern Grp., Inc. v. Eisenberg*, 13-CV-3060, 2013 WL 2420835, at *6 (S.D.N.Y. June 4, 2013) (denying issuance of bond where defendant "failed to establish that he is likely to suffer any harm absent the posting of a bond and as such the bond requirement is unnecessary").

Where the likelihood of success on the merits is overwhelming, courts have denied a bond. *See New York City Triathlon, L.L.C. v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 345 (S.D.N.Y. 2010) (denying bond where defendant "has not demonstrated it will likely suffer any harm absent the posting of a bond, and the likelihood of success on the merits is overwhelming").

Here, the likelihood of success is overwhelming. The probability of harm to defendants is negligible. *Cf.* Hr'g Tr. 15:1–7, Dec. 9, 2014; 9:5–7, June 4, 2015. The request for issuance of a bond is denied.

## VI. Final Injunction

The court is prepared to grant a final injunction. Hr'g Tr. 13:11–14, June 4, 2015; *cf.* Consent J. for Permanent Inj., ECF No. 79 (proposed).

## VII. Motion for Voluntary Dismissal of Defendant Sunlite

Plaintiff moves to voluntarily dismiss defendant Sunlite without prejudice. Pl.'s Mot. for Voluntary Dismissal of Def. Sunlite USA without Prejudice, Mar. 11, 2015, ECF No. 69; Pl.'s Mem. of Law in Supp. of its Mot. for Voluntary Dismissal of Def. Sunlite USA without

Prejudice, Mar. 11, 2015, ECF No. 69–2 ("Pl.'s Mem. Supp. Voluntary Dismissal"); Pl.'s Reply Mem. of Law in Supp. of its Mot. for Voluntary Dismissal of Def. Sunlite USA without Prejudice, Apr. 2, 2015, ECF No. 69–4.

Defendants oppose. Defs.' Mem. of Law in Opp'n to Pl.'s Mot. Dismiss Def. Sunlite USA without Prejudice, Mar. 19, 2015, ECF No. 69–3.

For the reasons stated orally on the record, the motion is denied. *See* Hr'g Tr. 19:15–16, June 4, 2015. The corporate defendant, Sunlite, may have assets or have life and liability.

## VIII. Motion to Vacate the Default Judgment

Defendant Mikail moves, pursuant to Federal Rule of Civil Procedure 55(c), to vacate the default judgment. Fed. R. Civ. P. 55(c); *see* Def.'s Mem. of Law in Supp. of its Mot. to Vacate Default, ECF No. 70–1 ("Def. Mem. Vacate Default"). The motion is granted. Hr'g Tr. 6:19–24, June 4, 2015. Default was inadvertent.

### A. Facts

On November 14, 2014, plaintiff moved for a preliminary injunction. Pl.'s Mot. for Prelim. Inj., Nov. 14, 2014, ECF No. 24; Kohn Decl. in Supp. of Pl.'s Mot. for Prelim. Inj., Nov. 13, 2014, ECF No. 25; Gross Decl. in Supp. of Pl.'s Mot. for Prelim. Inj., Nov. 13, 2014, ECF No. 26; Pl.'s Mem. Prelim. Inj.; Bennet's Aff. of Service for Notice of Mot. for Prelim. Inj., Nov. 21, 2015, ECF No. 28.

On November 28, 2014, defendant Mikail and Sunlite filed a cross motion to dismiss for lack of personal jurisdiction. Defs.' Cross-Mot. to Dismiss for Lack of Personal Jurisdiction, Nov. 28, 2014, ECF No. 29.

Both motions were denied on Dec. 9, 2014. Ct. Order Den. Mots. On December 9, 2014, the magistrate judge held a settlement conference with the parties. Min. Order by Mag. Judge

Orenstein, ECF No. 43. The parties engaged in serious negotiations. By December 16, 2014, the parties had circulated a draft of a settlement agreement. *See* Lehman Decl. in Supp. of Def.'s Mot. to Vacate Default ¶ 3, Mar. 9, 2015, ECF No. 70–3 ("Lehman Decl.").

Defendant Mikail's answer to plaintiff's second amended complaint was due in late December 2014. *See* Fed. R. Civ. P. 12(a)(4)(A) ("if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action") (fourteen days from December 9, 2014). The parties agree that Sunlite had already timely filed its answer. *See* Pl.'s Mem. Supp. Voluntary Dismissal 5; Def. Mem. Vacate Default 5; Def. Sunlite's Answer to Pl.'s 2d Am. Compl., Nov. 4, 2014, ECF No. 22.

The negotiations continued and, on February 3, 2015, counsel for plaintiff emailed counsel for defendant asking when he would send the signed agreement. Lehman Decl. Ex. B, at 10, Apr. 4, 2015, ECF No. 70–3. The next day, counsel for defendant responded that defendant Mikail had executed the agreement but that defense counsel had yet to sign the agreement. *Id.*

On February 6, 2015, the magistrate judge ordered counsel to appear for a settlement conference on February 19, 2015, unless a settlement had been executed by all parties. Min. Order by Mag. Judge Orenstein, ECF No. 50.

On February 10, 2015, counsel for defendant emailed counsel for plaintiff stating the settlement agreement was signed, but would only be sent to counsel for plaintiff if plaintiff withdrew its application for a default judgment. Lehman Decl. Ex. D, at 29, Apr. 4, 2015, ECF No. 70–3. Plaintiff's counsel refused to withdraw the application until the settlement agreement was received. *Id.* at 28.

On that same day, plaintiff sought an entry of default. It was received the next day. Req. for Certificate of Default Against Def. Mikail, Feb. 10, 2015, ECF No. 51; Karpel Aff. in Supp.

8

of Req. for Certificate of Default Against Def. Mikail, Feb. 10, 2015, ECF No. 52; Certificate of Default, Feb. 11, 2015, ECF No. 53.

On February 19, 2015, before Magistrate Judge Orenstein, defense counsel explained why no answer had been filed:

| | |
|---|---|
| THE COURT: | And you chose not to file [an answer] in any event because whether you had reason to expect it or not, you knew that there was a deadline but you thought your efforts were better used pursuing the settlement. |
| MR. LEHMAN: | I wouldn't even say I went through that mental process, your Honor. |
| THE COURT: | No need to file the answer if you've got a settlement. |
| MR. LEHMAN: | We're all working towards settlement. |
| THE COURT: | Okay. |
| MR. LEHMAN: | We've agreed in principle. We're documenting . . . |

Hr'g Tr. 8:13–25, Feb. 19, 2015, ECF No. 55.

## B. Law

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c).

In determining whether to set aside a default judgment, "courts must assess (1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented, as well as other relevant equitable factors such as whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Palmieri v. Town of Babylon*, 277 F. App'x 72, 74 (2d Cir. 2008) (summary order) (internal quotation marks omitted) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (holding that the district court's

9

failure to vacate the default judgment was an abuse of discretion)). *See MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107 (E.D.N.Y. 2014) (vacating default judgment because the default was not willful, a meritorious defense existed, and discarding the judgment would not prejudice plaintiff); *Gonzalez v. City of New York*, 104 F. Supp. 2d 193 (S.D.N.Y. 2000) (same); *but see Labarbera v. Interstate Payroll Co., Inc.*, 07-CV-1183, 2009 WL 1564381, at *2 (S.D.N.Y. June 2, 2009) (denying motion to vacate default judgment because of an improper format of motion); *Directv, Inc. v. Rosenberg*, 02-CV-2241, 2004 WL 345523, at *2–3 (S.D.N.Y. Feb. 24, 2004) (sustaining default judgment due to a party's repeated disregard for court proceedings).

### C. Application of Law to Facts

First, the default was not willful. The parties were engaged in settlement discussions. *See MD Produce Corp.*, 304 F.R.D. at 110 (finding that default was not willful because of efforts to resolve the dispute through settlement); *Gonzalez*, 104 F. Supp. 2d at 193 (holding that engaging in settlement negotiations contributed to the finding that default was not willful).

Second, vacating the default judgment will not cause substantial prejudice to plaintiff. No discovery has taken place.

Third, according to defense counsel, defendant Mikail has a meritorious defense and appears to have acted in good faith. *See* Hr'g Tr. 6:20–24, June 4, 2015; *MD Produce Corp.*, 304 F.R.D. at 109 (default not willful where defendant maintained a good faith belief that the dispute would be settled).

The default judgment is vacated. *See* Hr'g Tr. 6, June 4, 2015.

### IX. Motion for Entry of Default Judgment

Plaintiff's motion for entry of a default judgment is denied as moot. *See* Pl.'s Mot. for Entry of Default J. Against Def. Mikail, Feb. 25, 2015, ECF No. 58.

## X. Referral to the Magistrate Judge

Discovery was stayed. Min. Order by Mag. Judge Orenstein, Feb. 26, 2015, ECF No. 66. The stay on discovery is lifted. Hr'g Tr. 13:6–7, June 4, 2015. Completion of discovery is respectfully referred to the magistrate judge. *Id.* at 16:9–12. Discovery shall be expedited. *Id.*

Settlement is encouraged. *Id.* at 18:9–10. The magistrate judge shall engage the parties in settlement discussions. *Id.* at 20:23–24. The magistrate shall oversee settlement over 1) the terms of a final injunction; and 2) any possible damages. *Id.* at 16: 9–12.

## XI. Trial

Trial on any damages shall commence on August 11, 2015 at 10:00 a.m. in Courtroom 10B South. Jury selection will occur on August 10, 2015 at 10:00 a.m. in Courtroom 10B South. At the request of plaintiff, the court shall select the jury. *See id.* at 17:13–16.

Argument on *in limine* motions will be heard on August 3, 2015 at 10:00 a.m. in Courtroom 10B South. Representatives from plaintiff and defendant, as well as defendant Mikail, shall appear in person at the *in limine* hearing.

By July 27, 2015 at 10:00 a.m., the parties shall submit proposed jury charges with verdict sheets, *in limine* motions, and supporting briefs. They shall exchange and docket: (1) lists of pre-marked exhibits proposed for use at trial and stipulations regarding admissibility; (2) lists of potential witnesses together with brief summaries of proposed testimony; (3) stipulations with respect to all undisputed facts; and (4) proposed *voir dire*. Copies shall be provided to the court.

All expert reports shall be exchanged by July 27, 2015.

## XII. Calculation of Damages

Damages shall be calculated up to the first day of trial. *Id.* at 19:8–12.

The jury shall determine damages. *See id.* at 18:20–19:7.

## XIII. Conclusion

The parties stipulate entry of a preliminary injunction.

Defendants' motion for a bond is denied.

Defendant Mikail's motion to vacate the default judgment against him is granted.

Plaintiff's motion for an entry of the default judgment is denied.

Defendant Mikail's untimely answer is accepted.

The complaint is amended to include Spotlite Corporation as a defendant.

Plaintiff's motion to dismiss defendant Sunlite USA without prejudice is denied.

Defendants deny all elements of the second amended complaint.

SO ORDERED.

/Jack B. Weinstein
/Senior United States District Judge

Dated: June 16, 2015
Brooklyn, New York