**MCDANIEL PC**
Empire State Building
350 Fifth Avenue, 59th Floor
New York NY 10018
(212) 514-8080
*Attorneys for Defendants Sunlite USA Corporation,*
*Spotlite America Corporation and Halston Mikail*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIGHTING & SUPPLIES, INC.<br><br>    Plaintiff,<br><br>  v.<br><br>SUNLITE USA CORPORATION,<br>SPOTLITE AMERICA CORPORATION<br>and HALSTON MIKAIL,<br><br>    Defendants.<br><br>  v.<br><br>MORDECHAI KOHN,<br><br>    Third-Party Defendant | Civil Action No.: 1:14-cv-04344 (JBW)(JO)<br><br>**ANSWER OF SPOTLITE AMERICA CORPORATION TO SECOND AMENDED COMPLAINT; COUNTERCLAIM AND THIRD-PARTY COMPLAINT; JURY DEMAND** |

  Defendant Spotlite America Corporation ("Defendant" or "SPA") by his undersigned attorneys, as and for its answer to the second amended complaint herein dated October 7, 2014, states as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

  2.  Admits the allegations contained in paragraph 2 of the complaint.

3. Denies the allegations contained in paragraph 23 of the complaint, except admits that Halston Mikail is a principal of Sunlite.

4. Makes no response to paragraph 4 of the complaint inasmuch as said paragraph purports to describe the within action.

5. Makes no response to paragraph 5 of the complaint inasmuch as said paragraph purports to state legal theories.

6. Makes no response to paragraph 6 of the complaint inasmuch as said paragraph purports to state legal theories.

7. Denies the allegations contained in paragraph 7 of the complaint.

8. Denies the allegations contained in paragraph 8 of the complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12. Denies the allegations contained in paragraph 12. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

13. Denies the allegations contained in paragraph 13 of the complaint. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

14. Denies the allegations contained in paragraph 14 of the compliant. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

15. Denies the allegations contained in paragraph 15 of the complaint. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

16. Denies the allegations contained in paragraph 16 of the complaint. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

17. Denies the allegations contained in paragraph 17 of the complaint. Defendant has never used the description "Sunlite" in the marketing or sale of any of its products.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

## COUNT I

19. As its response to paragraph 19 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 18, above, as if fully restated herein.

20. Makes no response to paragraph 20 of the complaint inasmuch as said paragraph purports to state legal theories.

21. Denies the allegations contained in paragraph 21 of the complaint.

## COUNT II

22. As its response to paragraph 22 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 21, above, as if fully restated herein.

23. Makes no response to paragraph 23 of the complaint inasmuch as said paragraph purports to state legal theories.

24. Denies the allegations contained in paragraph 24 of the complaint.

## COUNT III

25. As its response to paragraph 25 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 24, above, as if fully restated herein.

26. Makes no response to paragraph 26 of the complaint inasmuch as said paragraph purports to state legal theories.

27. Denies the allegations contained in paragraph 27 of the complaint.

## COUNT IV

28. As its response to paragraph 28 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 27, above, as if fully restated herein.

29. Makes no response to paragraph 29 of the complaint inasmuch as said paragraph purports to state legal theories.

30. Denies the allegations contained in paragraph 30 of the complaint.

31. Denies the allegations contained in paragraph 31 of the complaint.

## COUNT V

32. As its response to paragraph 32 of the complaint, plaintiff repeats and realleges its responses to paragraphs 1 through 31, above, as if fully restated herein.

33. Denies the allegations contained in paragraph 33 of the complaint.

34. Denies the allegations contained in paragraph 34 of the complaint.

### As a First Defense

35. The Complaint fails to state a claim upon which relief can be granted.

### As a Second Defense

36. Defendant does not maintain sufficient contacts with New York to confer personal jurisdiction by this Court over the person of this Defendant.

### As a Third Defense

37. The marks that are the subjects of plaintiff's claims are generic or descriptive without secondary meaning.

### As a Fourth Defense

38. This Defendant has made no sales of product bearing the "Sunlite" mark. Any use of old materials in old or returned packaging was de minimis, unintentional and innocent.

### As a Fifth Defense

39. Plaintiff's claims are barred in whole or in part by the doctrine of

### As a Sixth Defense

40. Plaintiff is not a valid assignee of the mark SUNLITE.

### As a Seventh Defense

41. The complaint does not describe any specific and substantial injury to the public interest over and above general claims of trademark infringement and dilution.

42. Plaintiff cannot pursue a claim under New York General Business Law §349.

### As an Eighth Defense

Plaintiff is barred from pursuing the within claims under GBS Law § 130.

### As a Ninth Defense

Plaintiff is the assignee of a mark secured by fraud, subject to cancellation, pursuant to 15 U.S.C. §§ 1064 and 1065.

WHEREFORE, Defendant Halston Mikail demands judgment as follows:

A. An order dismissing the complaint, with prejudice;

B. For the costs and disbursements of this action; and

C. For such other and further relief which to the Court seems just and proper.

## COUNTERCLAIM AND THIRD-PARTY CLAIM

Defendant-Counterclaim-Third-Party Plaintiff SPOTLITE AMERICA CORPORATION ("SPA") by way of counterclaim against Lighting & Supplies Inc. ("LSI") and Mordechai Kohn ("Kohn"), allege as follows:

1. LSI is a corporation organized and existing under the laws of the State of New York and doing business either "Sunlite, a Sunshine Lighting Company."

2. Upon information and belief, Mordechai Kohn was a sole proprietor doing business as Sunshine Lighting Company during the time that he applied for trademarks on the common law trademarks of LSI.

3. This court has supplemental jurisdiction over the third party claims pursuant to 28 U.S.C. § 1367. Venue is proper in this district as the third-party defendant does business in Kings County, within this District.

## COUNT I

### Cancellation
### (Against LSI)

4. LSI claims to be the owner by way of a 2013 assignment of two Trademark Registration represented by Certificates No. 2,627,184 and No. 3,614,795 in the mark "SUNLITE."

5. LSI made first use of "Sunlite" in 1996.

6. In or about 2002, a registration of SUNLITE was granted by the United States Patent and Trademark Office ("USPTO") to a purported entity named "Sunshine Lighting Co" a New York corporation.

7. In or about 2009, a second registration of SUNLITE was granted by the USPTO to Sunshine Lighting Co., a New York corporation.

8. Upon information and belief, Sunshine Lighting Company was a trade name adopted by Mordechai Kohn, an individual, but for which there is no county or state registration.

9. The registrations for SUNLITE were procured by fraud in that:

   a. No entity by the name of Sunshine Lighting Co. organized under New York law then or has ever existed.

   b. Mordechai Kohn did not own the SUNLITE mark at the time of its registration as it had been in use by Lighting & Design since 1996.

   c. Mordechai Kohn did not make a use in commerce of SUNLITE as alleged in the registration application.

   d. As the principal owner of LSI, Kohn knew that the mark that he was registering in his own name (as Sunshine Lighting Co.) was owned by LSI.

   e. Kohn further knew that he had never made individual use of the mark in commerce.

   f. Kohn made the false representations of ownership and use with the intent that they be relied on by the USPTO.

10. LSI thereafter caused to be filed with the USPTO a fraudulent statement of assignment in that it purported to be executed on behalf of Sunshine Lighting Co., an entity that has never existed.

11. The assignment was fraudulent in that the parties knew that no entity "Sunshine Lighting Company" existed at the time of registration and that there was no such entity with the capacity to make the assignment existed at the date of the assignment. The purported assignment by "Sunshine Lighting Company" was an attempt to cover up a knowingly

fraudulent registration, made to the give the mark and the assignment the appearance of being valid."

12. On May 7, 2015, LSI filed a new trademark application for SUNLITE, again attempting to cover up its prior fraudulent registration in which it alleged that the mark had been previously used by its "related company or licensee or predecessor in interest at least as early as 7/31/1996."

13. The application was filed in an attempt to cover-up the prior fraudulent registrations.

14. But for the fraud committed as part of the initial registration and but for the fraud committed by plaintiff in filing a phony assignment, the aforementioned registrations would not have issued and the assignment would not have been recorded.

**WHEREFORE**, Spotlite America Corporation demands judgment that the foregoing certificates of registration, No. 2,627,184 and No. 3,614,795, be cancelled by the Court pursuant to 15 U.S.C. § 1119, for costs, statutory attorney's fees and such other and further relief as the Court deems just and appropriate.

## COUNT II

### Fraudulent Registration and Transfer
### (Against LSI and Mordechai Kohn)

15. SPA repeats and realleges the foregoing allegations as if set forth at length herein.

16. Kohn procured the registration of Sunlite by means of a false or fraudulent declaration or representation.

17. LSI and Kohn secured the transfer of the fraudulent assignment of the SUNLITE mark to LSI by a further false means, specifically by filing a false assignment purported to have been executed on behalf of "Sunshine Lighting Co."

18. But for the false registration and assignment, LSI would be precluded from pursuing any claim for statutory damages or disgorgement of profits absent willfulness on the part of Sunlite-USA or Halston Mikail.

19. SPA, which has a duty to defend and indemnify co-defendants Sunlite-USA and Halston Mikail, has been proximately harmed by the foregoing conduct.

20. LSI and Kohn are liable to SPA under 15 U.S.C. § 1120.

**WHEREFORE**, Spotlite America Corporation demands judgment for compensatory and consequential damages, for costs, attorney's fees and such other and further relief as the Court deems just and appropriate.

## COUNT III

### Violation of GBL § 349
### (Against LSI)

21. SPA repeats and realleges the foregoing allegations as if set forth at length herein.

22. Pursuant to New York G.B.S. § 130, any person or entity conducting business under an assumed name shall register such alternate name with the Secretary of State (if a corporation) of the County Clerk (if an individual) where the assumed name is used.

23. No registration of the "Sunshine Lighting Company" exists with either the Kings County Clerk or the Secretary of State.

24. No registration of "Sunlite" as an assumed name exists with either the Kings County Clerk or the Secretary of State.

25. LSI does business as "Sunlite – A Sunshine Lighting Company." In fact one does not find mention of LSI in its promotion materials or web sites.

26. The use of an assumed name in violation of G.B.S. § 130 is a fraudulent act prohibited by G.B.L. § 349.

27. SPA has been damaged by LSI's adoption of a trade name without registration and its use in securing a fraudulent trademark registration.

**WHEREFORE**, Spotlite America Corporation demands judgment for an injunction prohibiting further use of the assumed names, compensatory, consequential, statutory and enhanced damages, for costs, attorney's fees and such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

Halston Mikail demands trial by jury as to all issues for which jury trial is available.

DATED: June 25, 2015	**McDANIEL PC**

                          /s/ Jay R. McDaniel___
                  By:  Jay R. McDaniel, Esq. (JM 9687)
                        Empire State Building
                        350 Fifth Avenue, 59th Floor
                        New York NY 10018
                        (212) 514-8080
                        jrmcdaniel@mcdlawpc.com

                        *Attorneys for Sunlite USA Corporation,*
                        *Spotlite America Corp. and Halston Mikail*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

>Mendel Zilberberg
>Mendel Zilberberg & Associates, PC
>6619 13th Avenue
>Brooklyn, NY 11219
>Email: mz@amalgamail.com
>
>Samuel Karpel
>Mendel Zilberberg & Associates
>6619 13th Ave
>Brooklyn, NY 11219
>Email: skarpel@amalgamail.com
>
>Bernard Malina
>Malina & Associates, PLLC
>305 Madison Avenue
>Suite 1420
>New York, NY 10165
>Email: bmalina@malinalaw.com

Dated: June 25, 2015

/s/ Jay R. McDaniel
_____
Jay R. McDaniel